Filed 2/5/21  In re T.P. CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| In re T.P., a Person Coming Under the Juvenile Court Law. | |
| ORANGE COUNTY SOCIAL SERVICES AGENCY, Plaintiff and Respondent, v. D.M., Defendant and Appellant. | G059193 (Super. Ct. No. 19DP0472) O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Antony C. Ufland, Judge.  Dismissed as moot.  Request for judicial notice granted.

Jamie A. Moran, under appointment by the Court of Appeal, for Defendant and Appellant.

Leon J. Page, County Counsel, Karen L. Christensen and Deborah B. Morse, Deputy County Counsel, for Plaintiff and Respondent.

No appearance for the Minor.

In this juvenile dependency case, law enforcement took two-year-old T.P. into protective custody due to physical abuse by her mother (Mother)[1] and general neglect by D.M. (Father).  Father appeals from the juvenile court's order made at the combined six-month/12-month review hearing.  Specifically, Father argues substantial evidence did not support the court's determination T.P. would be at risk of detriment if returned to his care.  He also asserts the Orange County Department of Social Services (SSA) did not comply with its inquiry and notice duties under the Indian Child Welfare Act (ICWA) provisions found in Welfare and Institutions Code section 224.2, subdivision (e) (all further statutory references are to the Welfare and Institutions Code, unless otherwise indicated).  During the pendency of this appeal, the court returned T.P. to Father's custody.  As a result, SSA argues the appeal is moot and should be dismissed.  Father does not oppose SSA's motion to dismiss.  We agree with SSA and dismiss Father's appeal.

## FACTS

Law enforcement took T.P. into protective custody in April 2019 after Father notified authorities Mother used the force of her bodyweight to slam the child's head into a mattress.  Father intervened and escaped with T.P.  T.P. sustained an indentation and abrasion on her forehead, swelling in her eyes and face, and bruises on her shins.  She was treated at the hospital.  Police arrested Mother.  An emergency protective order was issued to protect Father and T.P. from Mother.

At the detention hearing in April 2019, the juvenile court detained T.P.  The court authorized supervised visitation for Father and ordered drug testing.  Father denied Indian ancestry.  Mother indicated she might have Indian ancestry.  The juvenile court ordered the agency to investigate Mother's heritage and to give notice to the "appropriate tribe, as to [M]other."

---

[1]     Mother is not a party to this appeal.

At the jurisdictional hearing, Father pled no contest to the petition. The juvenile court sustained the remaining counts of the petition, declared T.P. a dependent of the court, and removed her from parental custody.

At the combined six-month/12-month review hearing, the juvenile court acknowledged Father had come a "good distance" with his case plan services. However, the court found return of T.P. to Father "would create a substantial risk of detriment to the safety, protection, or physical or emotional wellbeing of the child." The court continued the matter for an 18-month permanency hearing. Father appealed from the court's order made at the combined six-month/12-month review hearing.

During the pendency of this appeal, the juvenile court conducted its 18-month permanency hearing. It ordered T.P.'s immediate return to Father's home as the permanent plan and ordered family maintenance services. SSA filed a request for judicial notice or, in the alternative, a motion to take additional evidence of the court's 18-month permanency order. SSA also filed a motion to dismiss Father's appeal as moot in light of the court's order returning T.P. to Father at the 18-month permanency hearing. Father did not object to either request.

## DISCUSSION

As an initial matter, SSA asks us to take judicial notice of the December 9, 2020, minute order returning T.P. to Father's custody. While we recognize postjudgment evidence is typically rejected on appeal, an appellate court may consider limited postappeal evidence in connection with a motion to dismiss. (*In re Josiah Z.* (2005) 36 Cal.4th 664, 676.) Here, SSA seeks to introduce evidence bearing not on the underlying merits of the case, but rather whether we can or should proceed to the merits. Accordingly, we grant SSA's request.

We turn to SSA's motion to dismiss Father's appeal as moot. "'[A]n action that originally was based on a justiciable controversy cannot be maintained on appeal if all the questions have become moot by subsequent acts or events.'" (*In re*

3

*Dani R.* (2001) 89 Cal.App.4th 402, 404.) Specifically, a parent's appeal from a juvenile court order becomes moot when that parent is granted the relief sought within that very appeal. (*Id*. at p. 406.) An appellate court may exercise its discretion to resolve an issue when it is of broad public interest and is likely to recur, or where "'there is a likelihood of recurrence of the controversy between the same parties or others.' [Citation.]" (*In re N.S.* (2016) 245 Cal.App.4th 53, 58-59.)

Here, none of the factors that would justify maintaining the appeal apply. The event rendering the case moot is a happy one for Father. The court reinstated Father's custody of T.P.—the primary focus of his appeal. Father is no longer affected by the challenged order and there is no indication the alleged error will infect the outcome of subsequent proceedings. The ICWA contentions are similarly mooted by T.P.'s return to Father's custody. Specifically, due to foster care placement being terminated, effective relief under ICWA can no longer be provided. (25 U.S.C. § 1914; § 224, subd. (b).) Accordingly, the appeal is moot and must be dismissed.

DISPOSITION

The appeal is dismissed as moot. SSA's request for judicial notice and its motion to dismiss are granted.



O'LEARY, P. J.

WE CONCUR:


ARONSON, J.


FYBEL, J.

4